NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANTZ C., <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER SHANAHAN, et al., <br><br> Respondents. | Civil Action No. 18-2043 (JLL) <br><br><br> OPINION |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Frantz C.,[1] filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the Petition (ECF No. 15), to which Petitioner has replied (ECF No. 19). For the following reasons, this Court will deny the petition without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of Haiti who entered this country in 1999 and became a lawful permanent resident in December 2006. (ECF No. 15-15 at 1–2). During his time in this country, Petitioner accrued at least three criminal convictions in the state of New York including convictions for endangering the welfare of a child, falsely reporting an incident, and petit larceny. (*Id.* at 2). Based on these criminal convictions, immigration officials arrested Petitioner in June 2014 and issued him a notice to appear charging him with removability. (*Id.*). Petitioner has remained detained since that time.

---

[1] Given the privacy concerns which arise out of the sensitive information contained in the filings in this immigration habeas matter, the Court will refer to Petitioner only by his first name and last initial in this opinion and the accompanying order.

1

Petitioner was initially ordered removed from this country in February 2015. (*Id.* at 3). The Board of Immigration Appeals ("BIA"), however, remanded his immigration proceedings for further consideration by an immigration judge. (*Id.*). In December 2015, Petitioner was once again ordered removed, and the BIA dismissed his appeal and affirmed his removal order in April 2016. (*Id.* at 4). Petitioner thereafter filed a petition for review with the Second Circuit Court of Appeals. (*Id.*). Petitioner also filed a motion seeking a stay of removal, which was granted by the Second Circuit on December 14, 2017. (*Id.*). Petitioner's petition for review remains pending before the Second Circuit at this time, and it appears that that matter will not be fully briefed for several months. (*See* Second Circuit Docket No. 16-1487 Docket Sheet). Petitioner also filed a motion to reopen his removal order with the BIA, but that motion was denied in April 2018. (ECF No. 15-13 at 2–3).

While Petitioner was detained and awaiting his final order of removal, however, Petitioner received a bond hearing on November 18, 2015, pursuant to the Second Circuit's holding in *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015), *vacated and remanded*, 138 S. Ct. 1260, *dismissed as moot on remand*, 719 F. App'x 79 (2018). (*See* ECF No. 15-6). The immigration judge at that hearing denied Petitioner's request for bond, explaining that

> [i]n *Lora*, the [Second Circuit] held that, ". . . the detainee must be admitted to bail unless the government established by clear and convincing evidence that the immigrant poses a risk of flight or a risk of danger to the community." In applying these standards, the [immigration court] finds that the government has established by clear and convincing evidence that [Petitioner] is both a flight risk and a danger to the community. As the [immigration court] stated in its decision dated February 12, 2015, [Petitioner] has been arrested five times. His criminal history spans over eight of the fifteen years he has lived in the U.S. Moreover, he has five criminal convictions, including serious offenses such as reckless endangerment, endangering the welfare of a child, falsely reporting an incident, and petit larceny. The documentation related to these offenses accuses him of very serious and violent misconduct,

2

> including armed robbery and siccing a Pitbull on a small child. The complaint alleges that [Petitioner] kicked in [an] air conditioning unit and allowed his dog to enter [a] house, stating "sic him." The dog then attacked a child.
>
> Th[is] serious criminal record[] causes the [immigration court] to conclude that the government has met its burden of proof by clear and convincing evidence that [Petitioner] is a flight risk and a danger to the community.

(*Id.* at 3). Petitioner appealed this decision, and the BIA affirmed the denial of bond on March 17, 2016. (ECF No. 15-7).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), *habeas* relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

Petitioner contends in his petition that his continued immigration detention without bond violates his Due Process rights pursuant to the Second Circuit's now vacated holding in *Lora* and the Third Circuit's now abrogated holdings in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231–35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015).

3

*See Dryden v. Green*, No. 18-2686, 2018 WL 3062909, at *3–4 (D.N.J. June 21, 2018) (finding that the Supreme Court's decision in *Jennings v. Rodriguez*, 538 U.S. ---, 138 S. Ct. 830 (2018), abrogated *Diop* and *Chavez-Alvarez*). In order to evaluate Petitioner's claim that his immigration detention has become overlong, the Court must determine the statutory basis of Petitioner's detention. Although Petitioner is subject to an administratively final order of removal, because he has sought review of that order from the appropriate Court of Appeals and has received a stay of removal in relation to that petition for review, it is clear that Petitioner's detention has reverted to § 1226(c) and that, until the Second Circuit either vacates its stay order or denies the petition for review, Petitioner will remain detained pursuant to that statute. *See Leslie v. Att'y Gen.*, 678 F.3d 265, 268-70 (3d Cir. 2012).

Even if this Court assumes *arguendo* that Petitioner could show that his lengthy detention would violate Due Process absent a bond hearing, *see Dryden*, 2018 WL 3062909 at *3-4 (finding that a § 1226(c) detainee could secure relief from mandatory detention post-*Jennings* only by successfully showing that the statute was unconstitutional as applied to him), Petitioner's current petition has a fatal flaw – Petitioner has not been detained without a bond hearing – he has already received both a bond hearing and a bond appeal. In constitutional challenges to detention pursuant to 8 U.S.C. § 1226(c), the only relief available to the petitioner if he can show that the statute has been applied to him unconstitutionally is a bond hearing. *See, e.g., Garcia v. Taylor*, No. 17-3222, 2017 WL 3158751, at *2 (D.N.J. July 24, 2017) (quoting *Diop*, 565 F.3d at 235); *Wadi v. Green*, No. 16-4613, 2016 WL 4149988, at *2 (D.N.J. Aug. 3, 2016); *Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *1-2 (D.N.J. Jan. 5, 2016); *Morrison v. Elwood*, No. 12-4649, 2013 WL 323340, at *1 (D.N.J. Jan. 28, 2013). Where a pre-final order detainee held pursuant to § 1226(c) has already received a bona fide bond hearing, a district court "does not have the power to second guess the

discretionary decision of the [immigration judge] to deny . . . release on bond." *Pena*, 2016 WL 74410 at *2; *see also* 8 U.S.C. § 1226(e) (the "Attorney General's discretionary judgment regarding the [granting or denial of bond] shall not be subject to review. No court may set aside any action or decision [of an immigration judge] regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole"). A petitioner who has already received a bond hearing may therefore only challenge the denial of release on bond by showing that the bond hearing he received was not bona fide – *i.e.*, that it was somehow improperly conducted in violation of Due Process or some other binding legal authority. *Pena*, 2016 WL 74410 at *2; *see also Colon-Pena v. Rodriguez*, No. 17-10460, 2018 WL 1327110, at *2 (D.N.J. Mar. 15, 2018). As Petitioner has already received a bond hearing and was denied bond, and because this Court has no authority to second guess that decision by the immigration courts, Petitioner is not entitled to another bond hearing absent some showing that his original bond hearing was not bona fide.

Petitioner has made no such showing. The opinions of both the immigration judge and the BIA clearly show that Petitioner received a bond hearing, that the burden was placed on the Government at that hearing, and that the Government was required to prove that he was a threat to the community or a flight risk by clear and convincing evidence. Petitioner's bond hearing thus complied even with the heightened requirements imposed upon the Government for bond hearings in overlong § 1226(c) cases by the now abrogated decisions in *Chavez-Alvarez* and *Lora*. As Petitioner has not otherwise shown that his bond hearing was improper, and as there is no evidence in the record to support such a conclusion, the record of this matter indicates that Petitioner has already received the only relief available to him – a bona fide bond hearing – and that because he has already received a bond hearing and been denied release, this Court is without jurisdiction to

second guess the decision of the immigration courts to that effect. 8 U.S.C. § 1226(e). Petitioner's habeas petition must therefore be denied.

### III. CONCLUSION

For the reasons stated above, this Court will deny Petitioner's habeas petition without prejudice. An appropriate order follows.

Dated: July 5, 2018.

                                                JOSE L. LINARES
                                                Chief Judge, United States District Court